**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4405**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY ALLEN MCNEAL,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge.  (1:16-cr-00606-CCB-2)

Submitted:  March 18, 2019                    Decided:  April 3, 2019

Before NIEMEYER and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mirriam Z. Seddiq, MIRRIAM Z. SEDDIQ, LLC, Upper Marlboro, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Burden H. Walker, Assistant United States Attorney, Lauren E. Perry, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Allen McNeal appeals his convictions and 228-month sentence for conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012); armed bank robbery and forced accompaniment, in violation in 18 U.S.C. § 2113(a), (d), (e), (g) (2012); brandishing a firearm in the commission of a crime of violence (armed bank robbery), in violation of 18 U.S.C. § 924(c) (2012); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). McNeal asserts that the district court improperly denied his second motion for a trial continuance, improperly admitted expert testimony regarding historical cell site location evidence, and unreasonably failed to consider his mitigation arguments in sentencing. We affirm.

"We review the denial of a motion for a continuance for abuse of discretion." *United States v. Copeland*, 707 F.3d 522, 531 (4th Cir. 2013). "[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to assistance of counsel." *United States v. Williams*, 445 F.3d 724, 738-39 (4th Cir. 2006) (citing *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)). Even where this broad discretion has been abused, "the defendant must show that the error specifically prejudiced his case in order to prevail" on appeal. *Copeland*, 707 F.3d at 531 (brackets and internal quotation marks omitted).

The district court's denial of McNeal's second motion for a continuance was hardly "unreasoning and arbitrary," *Williams*, 445 F.3d at 739. McNeal requested the additional continuance to contact an expert who could address DNA evidence that the

2

government had proffered. The court noted that the DNA evidence was timely disclosed, that the DNA evidence was not conclusive, and that postponement would inconvenience multiple witnesses. Furthermore, McNeal has not established that he was specifically prejudiced by the denial of the motion. Regardless of his inability to secure expert testimony, McNeal was able to extensively challenge the DNA evidence in question at trial, and that evidence was only one component of the overwhelming proof of guilt presented. Accordingly, we conclude that the district court did not abuse its discretion in denying the motion for a continuance.

"We review the district court's decision to admit expert testimony for abuse of discretion." *United States v. Landersman*, 886 F.3d 393, 411 (4th Cir. 2018). The district court's determination based on Federal Rule of Evidence 702 is guided by the factors articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-92 (1993). The *Daubert* analysis "merely requires that the expert testimony be both relevant and reliable," and "clearly vests the district courts with discretion to determine [its] admissibility." *Benedi v. McNeil-P.P.C., Inc.*, 66 F.3d 1378, 1384 (4th Cir. 1995); *see Landersman*, 886 F.3d at 412.

On appeal, McNeal argues that the cell site location evidence was improperly admitted on the basis of federal legal precedent rather than acceptance by the scientific community. But scientific acceptance is only one component of the *Daubert* analysis, and historical cell site analysis has been broadly tested and accepted by the scientific community and the federal courts alike. *See United States v. Hill*, 818 F.3d 289, 297-98 (7th Cir. 2016). In this case, the Government carefully limited the weight and certainty

3

of the evidence, and the district court did not abuse its discretion in concluding that the cell site location evidence satisfied *Daubert*'s touchstones of relevance and reliability.

Finally, we "review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). The district court correctly calculated the advisory Sentencing Guidelines range and gave both parties ample opportunity to argue for their desired sentence. *See Gall*, 552 U.S. at 49-51. Although the district court did not explicitly address some of the mitigating characteristics that McNeal raised in requesting a sentence at the low end of the advisory Guidelines range, *see United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015), we conclude that any procedural error was harmless, *see United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (defining harmless error); *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) (stating that court "need not robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence" (internal citations and quotation marks omitted)). Finally, the sentence is entitled to a presumption of reasonableness, and we conclude that McNeal has not rebutted that presumption. *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017).

Accordingly, we affirm the district court's judgment. We deny McNeal's motion for oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4